UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MALISSA C.,

Plaintiff,

v.

FRANK BISIGNANO,[1] Commissioner of Social Security,

Defendant.

**DECISION and ORDER**

**25-CV-90-LGF (consent)**

---

APPEARANCES:

HILLER COMERFORD INJURY & DISABILITY LAW
Attorneys for Plaintiff
ELIZABETH ANN HAUNGS, and
IDA M. COMERFORD, of Counsel
6000 North Bailey Avenue
Suite 1A
Amherst, New York 14226

MICHAEL DiGIACOMO
UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202
and
CHRISTOPHER NELSON HURD
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 3, 2026, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned in accordance with this court's June 29, 2018 Standing Order (Dkt. 12). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 28, 2025 (Dkt. 7), and by Defendant on May 28, 2025 (Dkt. 10).

## BACKGROUND

Plaintiff Malissa C. ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application ("application") filed with the Social Security Administration ("SSA") on June 29, 2021, for Supplemental Security Income under Title XVI of the Act ("SSI" or "disability benefits"). AR[2] at 279-88. Plaintiff initially alleged she became disabled on February 1, 2021, AR at 280, 334, based on injuries sustained in a January 20, 2021 motor vehicle accident, ("the accident"), back pain, inability to lift her three year-old son because of shoulder pain, inability to stand long, loss of balance, knees giving out, constant pain, and occasional headaches. AR at 349. Plaintiff's application initially was denied on October 8, 2021, AR at 134-45, and upon reconsideration on March 31, 2022. AR at 148-59. Plaintiff timely filed a request for an administrative hearing ("hearing"), AR at 161-63, which was granted with the hearing held via videoconference on May 24, 2023, before

---

[2] References to "AR" are to the Bates-stamped pages of the Administrative Record electronically filed in two volumes by Defendant on March 28, 2025 (Dkts. 5 and 6).

Administrative Law Judge ("ALJ") Anna Wright ("the ALJ"), in Buffalo, New York. AR at 38-84. Appearing and testifying at the hearing by telephone were Plaintiff, represented by Ida M. Comerford, Esq., with Abeba Carlan, Esq. appearing at the hearing, and impartial vocational expert ("VE") Kenneth Jones also appearing and testifying by telephone. On March 26, 2024, the ALJ issued a decision denying Plaintiff's claims, AR at 14-37 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 12. On December 11, 2024, the Appeals Council denied Plaintiff's request to review the ALJ's Decision, rendering it the Commissioner's final decision. AR at 1-6. On January 29, 2025, Plaintiff commenced this action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On April 28, 2025, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum"). On May 28, 2025, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching the Commissioner's Memorandum in Support of His Motion for Judgment on the Pleadings and in Response to Plaintiff's Memorandum Pursuant to Local Rule 5.5 on Social Security Cases (Dkt. 10-1) ("Defendant's Memorandum"). Filed on June 11, 2025, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Malissa C. ("Plaintiff"), born January 21, 1982, was 39 years old as of her amended alleged disability onset date ("DOD") of February 1, 2021, and 42 years old as of March 26, 2024, the date of the ALJ's Decision. AR at 31, 280, 281, 334. Plaintiff lives in an apartment with two of her three sons, ages 21 and 5. AR at 51, 359, 767. Plaintiff was in regular classes in grammar school, but in high school was in special education classes for math, reading, and speech. AR at 50. Plaintiff completed 12th grade in special education classes and received a GED in June 2000. AR at 350, 415, 767. Through BOCES, Plaintiff completed a vocational training program for certified nursing assistant ("CNA"). AR at 51. Plaintiff walks and feeds her dog, AR at 360, and can independently perform most personal care but sometimes needs help with her hair and can only use her left arm to wash because of pain. *Id*. Plaintiff has a driver's license and can drive. *Id*. at 761, 767, 769. Plaintiff's daily activities include daily preparing meals for her son, and cleaning and shopping with assistance because of pain in her shoulder and back. AR at 361.

Plaintiff's hobbies include listening to music, watching television, and reading, AR at 769, but Plaintiff engages in little socialization. *Id*. Plaintiff's past relevant work ("PRW") includes as a CNA, cashier, in housekeeping, and in production. *Id*. at 351. Plaintiff was most recently employed as a CNA until January 2, 2021,[4] when Plaintiff was injured in the accident. AR at 767.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings

[4] Although Plaintiff was injured in an automobile accident on January 20, 2021, and asserts February 1, 2021 as her DOD, she reports last working on January 2, 2021. AR at 767. Plaintiff also alleged in

On February 26, 2009, in connection with an earlier disability benefits application, Plaintiff underwent a psychiatric examination and intelligence evaluation by consultative psychologist Thomas Ryan, Ph.D. ("Dr. Ryan"). AR at 415-22. For the psychiatric evaluation, Dr. Ryan found Plaintiff with impaired attention and concentration, impaired recent and remote memory skills, and deficient cognitive functioning, with poor insight and judgment, and insufficient skills to manage benefit payments. *Id*. at 418. For the intelligence evaluation, Dr. Ryan reported Plaintiff's verbal scale IQ as 69, performance scale IQ as 68, and full scale IQ at 66 ("Plaintiff's intelligence testing"). *Id*. at 421.

On January 20, 2021, Plaintiff was injured when she was struck by a motor vehicle while crossing the street on foot ("the accident"), causing Plaintiff to fall backward hitting the back of her head, twisting her left knee and hitting her right shoulder. AR at 510, 514. Plaintiff sought treatment at Sisters of Charity Hospital in Buffalo, New York, where a CT of her head and X-rays of her right shoulder were normal. *Id*. at 515, 517. Following the motor vehicle accident, Plaintiff received chiropractic treatment at Greater Buffalo Accident & Injury Chiropractic ("Buffalo Chiropractic"), AR at 449-80, and attended physical therapy at Pinnacle Therapy Center ("Pinnacle PT"). AR at 719-20, 745. On October 8, 2021, Plaintiff underwent an anterior cervical discectomy instrumentation and fusion at C4-C5 and C5-C6 by orthopedic surgeon Zair Fishkin, M.D., Ph.D. ("Dr. Fishkin") of Pinnacle Orthopedic & Spine Specialists ("Pinnacle"). AR at 795.

---

connection with her application for disability benefits that she stopped working on January 31, 2021. AR at 349. There is no explanation for the potential discrepancy in the dates.

Plaintiff obtains primary care at Hertel Elmwood Internal Medicine ("Hertel Elmwood"), where Plaintiff's primary care physician is Renata Anand, M.D. ("Dr. Anand"). AR at 816-900, 908-1023). On September 15, 2022, Plaintiff underwent a medical examination by Dr. Anand regarding Plaintiff's medical conditions of neck pain for which a cervical spinal fusion was performed in 2021, and right shoulder pain. AR at 911. Dr. Anand checked boxes indicating Plaintiff is "very limited" with walking, lifting, carrying, pushing, pulling, bending, and using her hands, and moderately limited with standing and stairs or other climbing, but unlimited with sitting, seeing, hearing and speaking, and had no limitations with regard to mental functioning, and estimated the assessed limitations would last for seven to 11 months ("Dr. Anand's opinion"). *Id*. at 914.

In connection with her disability benefits application, on May 3, 2022, Plaintiff underwent an internal medicine examination by consultative physician Hongbiao Liu, M.D. ("Dr. Liu"), AR at 761-64, and a psychiatric evaluation by psychologist Susan Santarpia, Ph.D. ("Dr. Santarpia"). *Id*. at 767-70. Dr. Liu's examination detected no physical abnormalities, *id*. at 762-63, and reported that an X-ray of Plaintiff's low back was negative. *Id*. at 764. Dr. Liu diagnosed Plaintiff with history of chronic pain secondary to motor vehicle accident and work injury, status post right ankle surgery and pending neck surgery, history of asthma, and history of low body weight. AR at 764. Plaintiff's prognosis was "stable," *id*., and Dr. Liu's medical source statement ("Dr. Liu's opinion") included that Plaintiff has mild to moderate limitations to prolonged walking, bending, kneeling, squatting, stair climbing, carrying heavy weights, and prolonged

sitting and standing, and should avoid dust and other irritating factors due to asthma condition. *Id*.

Dr. Santarpia reported that Plaintiff was diagnosed with anxiety by her primary care physician who also prescribed Plaintiff psychotropic medication. AR at 767. Plaintiff's mental status examination was largely unremarkable. AR at 768. Dr. Santarpia diagnosed Plaintiff with unspecified anxiety disorder, rule out caffeine exacerbated, and nonprescribed cannabis use, current. *Id*. at 769.

On October 6, 2021, State agency review physician D. Miller, D.O. ("Dr. D. Miller"), reviewed Plaintiff's medical records and found Plaintiff with exertional limitations including she can lift and carry 20 lbs. occasionally and 10 lbs. frequently, stand and/or walk for six hours in an 8-hour day, sit for six hours in an 8-hour day, an ability to push or pull with the upper extremities consistent with the limitations for lifting and carrying, frequently climb ramps, and stairs, occasionally climb ladders, ropes, and scaffolds, occasionally stoop, unlimited ability to balance, frequently kneel, crouch, and crawl, and is limited to frequently reaching in all directions with the left upper extremity and occasionally with the right upper extremity because of pain ("Dr. D. Miller's Opinion"). AR at 97-99. On March 30, 2022, upon reconsideration of the initial denial of Plaintiff's application, State agency review physician H. Miller, M.D. ("Dr. H. Miller"), in connection with a reconsideration of the initial denial of Plaintiff's application, reviewed Plaintiff's medical records and affirmed Dr. D. Miller's finding that Plaintiff is not disabled. AR at 118-26.

Also on October 6, 2021, State agency review psychologist L. Kellner-Schoelles, Ph.D. ("Dr. Kellner-Schoelles"), reviewed Plaintiff's medical records and found Plaintiff,

mildly limited with regard to all four domains of mental functioning including her ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and adapt or manage oneself. ("Dr. Kellner-Schoelles's Opinion"). AR at 92-94. In connection with the reconsideration of the initial denial of Plaintiff's application, on March 18, 2022, State agency review psychologist J. May, Ph.D. ("Dr. May"), reviewed Plaintiff's medical records and, in contrast to Dr. Kellner-Schoelles, only found Plaintiff mildly impaired as to two of the domains of mental functioning including the ability to understand, remember, or apply information, and concentrate, persist or maintain pace, but unlimited in the ability to interact with others, and to adapt or manage oneself. AR at 114-16.

## DISCUSSION

### 1. Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were

based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

**2. Disability Determination**

The definition of "disabled" is the same for purposes of receiving Disability Insurance Benefits ("DIB") under Title II of the Act as for SSI benefits under Title XVI of the Act. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's residual functional capacity ("RFC") which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the

applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found that Plaintiff has not engaged in substantial gainful activity ("SGA") since June 16, 2021, the application date, AR at 19. The ALJ found that Plaintiff worked after the application date, but that such work did not rise to the level of SGA. *Id*. The ALJ found Plaintiff suffers from the severe impairments of an unspecified neck injury, status post cervical fusion surgery on October 8, 2021, right should partial-thickness rotator cuff tear and labral tear, and unspecified right elbow injury, and an unspecified back injury, AR at 20, but that other medically determinable impairments for which Plaintiff had been treated, including a left knee sprain, closed head injury with residual headaches, intermittent asthma, gastroesophageal reflux disease ("GERD"), depression, and anxiety were medically managed and Plaintiff offered no persistent subjective complaints related to such impairments which do not significantly limit Plaintiff's physical or mental ability to do basic work activities and thus are not severe. *Id*. at 20-22. The ALJ further found that Plaintiff does not have an

impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 22. Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 416.967(b),[6] with additional limitations including that Plaintiff can occasionally climb, kneel, crouch, crawl, stoop, and balance, frequently reach overhead, occasionally handle, and should avoid concentrated exposure to respiratory irritants. *Id*. at 22-30. The ALJ further found Plaintiff has not past relevant work ("PRW") because none of her previous work as a cashier, CNA, housekeeper, and temporary production worker was performed long enough to achieve the required performance for disability benefits under the Act, AR at 30, but that Plaintiff, based on her age, work experience, high school education, and RFC, with the transferability of skills not relevant because Plaintiff has no PRW, could perform jobs existing in significant numbers in the national economy including as a counter clerk, furniture rental clerk, and school bus monitor. AR at 30-31. Accordingly, the ALJ found Plaintiff was not disabled as defined in the Act since June 16, 2021, the date Plaintiff's disability application was filed. *Id*. at 31.

**3. Analysis**

In support of her motion, Plaintiff argues the ALJ erred by ignoring the results of Plaintiff's intelligence testing, Plaintiff's Memorandum at 8-12, and improperly rejected Dr. Anand's opinion. *Id*. at 13-17. In opposition, Defendant argues that not only was Plaintiff's intelligence testing more than 10 years old, but it is inconsistent with other

---

[6] Relevantly, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

opinion evidence in the record, Defendant's Memorandum at 8-10, and the ALJ's resolution of conflicting opinion evidence, including Dr. Anand's opinion, is entitled to deference. *Id*. at 10-11. There is no merit to Plaintiff's arguments.

**A. Plaintiff's Intelligence Testing**

Plaintiff argues the ALJ ignored that the results of Plaintiff's intelligence testing on February 26, 2009, showed Plaintiff with a mild intellectual disability, including an IQ of 66, which the ALJ failed to acknowledge and the omission was harmful error warranting remand. Plaintiff's Memorandum at 8-9. According to Plaintiff, the ALJ's Decision references Plaintiff's intelligence testing as pertaining only to a polysubstance abuse impairment for which Plaintiff had been treating, whereas Dr. Ryan also found Plaintiff with mild intellectual disability. *Id*. at 9-12. In opposition, Defendant argues Plaintiff's intelligence testing was considered by both State agency consultative psychologists Drs. Kellner-Schoelles and May, Defendant's Memorandum at 9, the ALJ referenced and discussed evidence supporting the conclusion that Plaintiff's was not illiterate and did not have a severe cognitive impairment, *id*. at 9-10, and the intelligence testing was from the period prior to what must be considered in making a disability determination. *Id*. at 10. In reply, Plaintiff argues the ALJ was required to explain why Plaintiff's intelligence testing, particularly Dr. Ryan's diagnosis of Plaintiff with a mild intellectual disability based on such testing, was rejected, Plaintiff's Reply at 1-2, and that even if Plaintiff's intellectual disability was considered non-severe, the ALJ was required to account for it in formulating the RFC. *Id*. at 2.

If the ALJ found Plaintiff with a non-severe, intellectual impairment, the ALJ was required to consider the impact of the mild intellectual disability in formulating Plaintiff's

RFC. *See Felix S. v. Comm'r of Soc. Sec.*, 638 F.Supp.3d 423, 429 (W.D.N.Y. 2022) ("[A]n RFC determination 'must account for limitations imposed by both severe and nonsevere impairments.'" (quoting *Parker-Grose v. Astrue*, 462 Fed. Appx. 16, 18 (2d Cir. 2012)). Where, however, the ALJ fails to find any impairment, even non-severe, the ALJ is not required to consider the impact of the alleged impairment. *See Marlo M. v. Bisignano*, 2026 WL 2718220, at *8 (W.D.N.Y. Sept. 15, 2026) (the ALJ does not err by failing to incorporate into the RFC formulation any limitations attributed to an alleged mental impairment for which functional limitations are not supported by substantial evidence in the record); *Willson v. Comm'r of Soc. Sec.*, 2020 WL 5230941, at *5 n.19 (W.D.N.Y. Sept. 2, 2020) (finding harmless any error related to ALJ's failure to mention condition where "there is simply no evidence of functional limitations from the condition").

Here, the ALJ's failure to find Plaintiff has even a non-severe intellectual impairment is supported by substantial evidence in the record even if not specifically referenced by the ALJ. *See Amy S. v. Bisignano*, 2026 WL 538168, at *8 (W.D.N.Y. Feb. 26, 2026) ("[T]he ALJ 'is not required to specifically discuss every piece of medical evidence in the record.'" (citing *Thompson v. Comm'r of Soc. Sec.*, 2018 WL 4103181, at *4 (W.D.N.Y. Aug. 29, 2018) (citing and quoting *Brault*, 683 F.3d at 448 (noting that "[a]n ALJ does not have to state on record every reason justifying a decision" and that an "ALJ's failure to cite specific evidence does not indicate that such evidence was not considered") (internal quotations omitted in *Thompson*))). *See also Cichocki v. Astrue*, 729 F.3d 172, 178 n. 3 (2d Cir. 2013) ("remand is not required where the 'evidence of record permits us to glean the rationale of an ALJ's decision'" (quoting *Mongeur v.*

*Heckler*, 722 F.2d 103, 1044 (2d Cir. 1983))); *Berry*, 675 F.2d at 469 (remand is not warranted where the court can look to other portions of the ALJ's decision for credible evidence and find the ALJ's determination was supported by substantial evidence).

In particular, as Defendant argues, Defendant's Memorandum at 9 (referencing AR at 93-94, 116), both State agency consultative psychologists Dr. Kellner-Schoelles and Dr. May considered Plaintiff's intelligence testing, noting the full-scale IQ score of 66 and Plaintiff's third-grade reading level, but concluded that based on the totality of the medical evidence, Plaintiff's psychiatric conditions and cognitive impairments are non-severe. In making those assessments, Drs. Kellner-Schoelles and May observed that despite Plaintiff's IQ score, her intellectual impairment was "mild" with no cognitive issues as noted by Dr. Santarpia, and Plaintiff was able to sustain employment as a CNA, function independently, care for her child with minimal assistance. AR at 94, 116. Dr. Santarpia found Plaintiff with intact recent and remote memory, estimated Plaintiff to be in the average to low average range of cognitive functioning ability, *id*. at 768-69, and found that Plaintiff could manage her own funds. *Id*. at 770. Dr. Santarpia found Plaintiff with no limitations in any of the four domains of mental functioning based on a cognitive deficit or otherwise. *Id*. at 768-70.

Other evidence in the record supports that Plainitff does not have an intellectual impairment including that Plaintiff attended school through twelfth grade, obtained her GED, and completed a vocational training program to become a CNA. AR at 51, 350, 415, 767. *See Howard J. v. Saul*, 2021 WL 978843, at * 5 (W.D.N.Y. Mar. 16, 2023) (obtaining GED is evidence that the claimant did not have an intellectual impairment). Plaintiff worked as a CNA for which she was trained. AR at 51, 337, 350. Plaintiff also

reported and testified that one of her hobbies is reading, AR at 20, 762, 769, further supporting the ALJ's finding that Plaintiff does not have an intellectual impairment. *See Biengardo v. Astrue*, 2010 WL 2134316, at * 5 (N.D.N.Y. May 26, 2010) ("Clearly, Plaintiff's ability to read, to appropriately answer written questions, and to advocate in writing on his own behalf suggests that, for him, low intelligence is not a disabling condition."). Plaintiff denied cognitive symptoms or deficits. AR at 28 (citing AR at 767, 807). Dr. Anand, Plaintiff's primary care physician, also assessed Plaintiff with no mental limitations. AR at 28 (citing AR at 914).

Because the record contains substantial evidence that Plaintiff does not have even a non-severe intellectual impairment, the ALJ's failure to include consideration of any such impairment in formulating Plaintiff's RFC was not error requiring remand. Plaintiff's motion on this point is DENIED.

**B. Dr. Anand's Opinion**

Plaintiff argues the ALJ's rejection of Dr. Anand's opinion regarding Plaintiff's neck pain status post cervical spine fusion and right shoulder pain was for dubious reasons and requires remand. *Id*. at 13-17. Plaintiff specifically argues that in finding Dr. Anand's opinion not persuasive with regard to Plaintiff's alleged physical limitations, the ALJ failed to consider the five factors set forth under 20 C.F.R. § 416.920c in evaluating the persuasiveness of Dr. Anand's opinion. *Id*. In opposition, Defendant argues the ALJ properly evaluated the evidence conflicting with Dr. Anand's opinion and the ALJ's resolution of the conflict is entitled to deference. Defendant's Memorandum at 10-11.[7]

[7] Plaintiff's Reply contains no further argument on this point.

It is undisputed that Dr. Anand is Plaintiff's treating physician. Prior to March 27, 2017, the opinion of a disability benefits claimant's treating physician was subjected to the so-called "treating physician's rule" requiring the opinion of a treating physician be given controlling weight if it was supported by and consistent with substantial evidence in the record. *Burgess v. Astrue*, 537 F.3d 117, 128-29 (2d Cir. 2008). After March 27, 2017, however, a treating physicians doctor's opinion is no longer afforded a presumption of controlling weight; rather, all acceptable medical source opinions are evaluated for their persuasiveness and must be assessed according to five standards including (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative finding. 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ... including those from your medical sources"). The new regulations give most importance to two of the same factors previously considered to determine whether a treating doctor's opinion should be given controlling weight: supportability and consistency. 20 C.F.R. § 416.920c(a) ("The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency").

Supportability refers to the extent to which a medical source opinion is supported by objective medical evidence and the medical source's explanations. 20 C.F.R. § 416.920c(c)(1). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.*

Consistency refers to the extent to which a medical source's opinion is consistent with other medical or non-medical sources. 20 C.F.R. § 416.920c(c)(2). "Consistency 'is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.'" *White v. Commissioner of Social Security*, 2022 WL 951049, at *5 (quoting *Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 2801138 (S.D.N.Y. July 6, 2021)). "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

Here, although Dr. Anand's opinion pertains only to Plaintiff's neck pain for Plaintiff underwent cervical spinal fusion was performed in 2021, and right shoulder pain, AR at 911, Dr. Anand checked boxes indicating Plaintiff is "very limited" with walking, lifting, carrying, pushing, pulling, bending, and using her hands, and moderately limited with standing and stairs or other climbing, but unlimited with sitting, seeing, hearing and speaking, and estimated the assessed limitations would last for seven to 11 months. *Id*. at 914. The ALJ found Dr. Anand's opinion not consistent with Plaintiff's subjective complaints, Plaintiff's physical examinations since the alleged DOD, Plaintiff's activities including cooking, cleaning, childcare for a school aged child, shopping, and driving, and observed the opinion was based on Plaintiff's October 2021 cervical fusion surgery for which Dr. Anand noted the resulting limitations were expected to last less than 12 months. AR at 28 (citing AR at 49-72, 358-79, 449-710, 718-46, 760-65, 777-801, 876-900, 916-1023). The ALJ further commented that there are no treatment

records from Dr. Anand in the record to support Dr. Anand's opinion.[8] A review of the records the ALJ references supports the ALJ's determination that Dr. Anand's opinion is not consistent with them, nor is the opinion supported by the record.

In particular, none of the treatment notes from Dr. Anand or other health care providers at Hertel Elmwood establishes Plaintiff was treated for any medical condition that would significantly limit Plaintiff's ability to walk, stand, or climb stairs. Nor did any of the consultative physicians, including Dr. Liu, Dr. D. Miller, and Dr. H. Miller assess Plaintiff with any such significant limitations. See AR at 764 (Dr. Liu assessing Plaintiff with mild to moderate limitations to prolonged walking, stair climbing, and standing); 97-99 (Dr. D. Miller assessing Plaintiff with the ability to walk, stand, and climb stairs consistent with the requirements for light work); 118-26 (Dr. H. Miller affirming Dr. D. Miller's assessments). Relevantly, consultative examiners and State agency medical consultants are deemed to be highly qualified physicians who are experts in Social Security disability evaluations and an ALJ is entitled to rely upon their opinions, which can also serve as substantial evidence. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence); *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011) (citing 20 C.F.R. §§ 404.1513a and 416.913a), *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), and *Mongeur*, 722 F.2d at 1039).

[8] Although the ALJ stated there are no treatment records from Dr. Anand in the record, a review of the Administrative Record establishes there are records from Dr. Anand, but none pertaining to treatment of Plaintiff's alleged physical impairments for more than 12 months. *Compare*, *e.g.*, AR at 780-85 (February 24, 2021 – Dr. Anand treating Plaintiff for right shoulder pain and decreased range of motion one month after the accident), with AR at 887-90 (April 29, 2022 – Dr. Anand reporting Plaintiff had ongoing complaints of shoulder pain, but upon examination had normal range of motion and strength).

The ALJ found that despite Plaintiff's complaints of pain on the right side of her body following the January 20, 2021 motor vehicle accident, including her right shoulder, right hip, and back, Plaintiff often denied back pain, AR at 24 (referencing AR at 449-80 (treatment notes from Greater Buffalo Accident & Injury Chiropractic, PC for 2/22/2021 to 5/10/2021). Plaintiff was prescribed several medications for pain medication, but was not compliant with taking them. AR at 25 (referencing AR at 348-79, 481-710, 718-46, 760-70,816-900, 916-1023). Plaintiff also showed improvement with her symptoms after her October 2021 surgery, AR at 25 (referencing, *inter alia*, AR at 818 (May 5, 2022 – Pinnacle PT reporting Plaintiff improving with respect to right upper extremity), and 822 (April 2, 2022 (Pinnacle PT reporting Plaintiff's rights shoulder pain decreased from 8/10 to 6/10, Plaintiff lifting increased weights, Plaintiff demonstrated good tolerance to the therapeutic program and advancements and was without verbal complaints)). Other evidence in the record from Dr. Anand establishes Plaintiff with full range of motion and strength by April 29, 2022. AR at 887-90.

Further, Dr. Anand's opinion is on a 'check-box' form which the Second Circuit has considered a "good reason[ ]" for giving an opinion less weight because such forms "'offer little or nothing with regard to clinical findings and diagnostic results'" particularly if the opinion is "inconsistent with the moderate findings reflected in the [treatment provider's] notes." *Heaman v. Berryhill*, 765 Fed.Appx. 498, 501 (2d Cir. 2019) (quoting *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)). *See also Halloran*, 362 F.3d at 31 n. 2 (considering a standardized check-box form to be "only marginally useful for purposes of creating a meaningful and reviewable factual record"). Although the Second Circuit has clarified the treatment of opinions rendered on such "check-box" forms, *see Colgan*

*v. Kijakazi*, 22 F.4th 353, 361-62 (2d Cir. 2022) (clarifying that an ALJ may discount an opinion because it was provided on a check-box form only where the opinion completely lacks any evidentiary support in the record (citing *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014))), here, as discussed above, Discussion, *supra*, at 19-20, Dr. Anand's opinion is not sufficiently supported by nor consistent with the evidence in the record, including Dr. Anand's own treatment records.

In light of the evidence referenced by the ALJ, it cannot be said that, based on the administrative record, a "reasonable factfinder" would have to conclude that Plaintiff is more limited than the ALJ accounted for in the RFC formulation. *Brault*, 683 F.3d at 448. Because the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence in the record, the ALJ did not err by failing to include any further limitations to Plaintiff's use of her right upper extremity, and ability to walk and climb stairs as found by Dr. Anand.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion (Dkt. 10) is GRANTED. The Clerk of Court is directed to CLOSE the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 23, 2026
Buffalo, New York